UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE INCLUSIVE COMMUNITIES PROJECT, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-CV-3333-B |
| THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | § § § § § | |
| Defendant. | § § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff The Inclusive Communities Project, Inc.'s (ICP) Motion for Attorneys' Fees. Doc. 57. For the reasons set forth below, the Court GRANTS the Motion in the amount of $90,280.

I.

BACKGROUND[1]

ICP initially submitted a Freedom of Information Act (FOIA) request to the United States Department of Housing and Urban Development (HUD) in January 2014 to obtain records concerning use of HUD Housing Choice Vouchers in the Dallas area. Doc. 18, Pl.'s 1st Am. Compl. ¶ 1. HUD responded nine days later, indicating that ICP's request had been received and would be

---

[1] The underlying facts of this case were detailed in the Court's previous Memorandum Opinion and Order (doc. 56), and thus are outlined generally here only as required for the resolution of ICP's present Motion for Attorneys' Fees.

processed in 30 to 45 days. *Id.* Not having received any records from HUD, ICP filed suit under FOIA eight months later, on September 15, 2014. Doc. 1, Orig. Compl. Three months after ICP filed suit, HUD provided ICP with a first batch of documents but withheld some information, citing privacy concerns and claiming a statutory exemption. Doc. 18, Pl.'s 1st Am. Compl. ¶ 1–2, 18. HUD produced additional records in September 2015, but this batch of records still did not include all of the information ICP initially requested. Doc. 34, Pl.'s Mot. Summ. J. 1.

Therefore, in September 2015, ICP moved for summary judgment, asking the Court to order HUD to provide all of the requested information. Doc. 33, Pl.'s Mot. Summ. J. HUD filed its own motion for summary judgment the next month, asking the Court to find that HUD was justified in claiming the statutory exemption for the withheld information and thus had fully complied with ICP's original request. Doc. 41, Def.'s Mot. Summ. J. The Court granted ICP's motion for summary judgment and required HUD to provide ICP with the information initially requested in its January 2014 request. Doc. 56, Mem. Op. & Order 31. Accordingly, the Court also denied HUD's motion for summary judgment and allowed ICP 60 days to submit an application for attorneys' fees and costs. *Id.*

ICP filed its Motion for Attorney Fees on November 14, 2016. Doc. 57, Pl.'s Mot. for Att'y Fees. [hereinafter Pl.'s Mot.]. HUD responded (doc. 60), and ICP replied (doc. 61). Therefore, ICP's motion is ripe for review.

II.

LEGAL STANDARD

FOIA authorizes a district court to "assess against the United States reasonable attorney fees

and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). In deciding whether to award attorneys' fees under FOIA, the district court conducts a two-step analysis, asking first whether the plaintiff is "eligible" to receive attorneys' fees, and then whether the plaintiff is "entitled" to them. *DaSilva v. U.S. Citizenship & Immigration Servs.*, 559 F. App'x 535, 541 (5th Cir. 2014) (citing *Batton v. I.R.S.*, 718 F.3d 522, 525 (5th Cir. 2013)). The eligibility prong addresses whether a plaintiff has "substantially prevailed" and thus may receive fees. *Id.* If so, the court then proceeds to the entitlement prong and considers a variety of factors to determine whether the plaintiff *should* receive fees. *Id.* (citing *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011) (emphasis in original)).

A complainant has "substantially prevailed" if it has obtained relief through either: (1) a judicial order, or an enforceable written agreement or consent decree; or (2) a voluntary or unilateral change in position by the agency. 5 U.S.C. § 552(a)(4)(E)(ii). If a plaintiff has substantially prevailed, then the court considers four factors in the entitlement analysis: "(1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law." *Texas v. Interstate Commerce Comm'n*, 935 F.2d 728, 730 (5th Cir. 1991).

If the court concludes that a fee award is appropriate, meaning that the plaintiff is both "eligible" and "entitled" to receive attorneys' fees, it must then determine the amount using the lodestar method. *DaSilva*, 599 F. App'x at 541. First, the court calculates the "lodestar," which is

equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id.* (citing *Jimenez v. Wood Cty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011)). In calculating the lodestar, the court should exclude all time that is excessive, duplicative, or inadequately documented. *Id.* Once the lodestar is calculated, the court can then adjust it based on the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.* if necessary. *Id.*

III.

ANALYSIS

ICP asserts it is both "eligible" and "entitled" to receive attorneys' fees. Doc. 58, Pl.'s Br. 1. As to eligibility, ICP avers that it is the prevailing party based on the Court's Order requiring HUD to provide the records as they were originally requested in January 2014. *Id.* (citing 5 U.S.C. § 552(a)(4)(E)(ii)(I)). Additionally, ICP argues that HUD's December 2014 and November 2015 production of additional records, both of which occurred after ICP filed suit but before the Court handed down its Order resolving the summary judgment motions, make ICP the prevailing party, as the production evinces a "change in position by the agency." *Id.* (citing 5 U.S.C. § 552(a)(4)(E)(ii)(II)).

ICP also contends that all four entitlement factors weigh in favor of awarding attorneys' fees in this case. First, ICP argues that the benefit to the public supports the award of attorneys' fees because release of the withheld information sheds light on HUD's performance of its statutory duties. *Id.* at 2. Second, ICP points out that it will reap no commercial benefit from the information, as it is a public interest organization serving low-income families. *Id.* at 2–3. Third, ICP notes that the

information will be used to benefit families using Housing Choice Vouchers and the public which provides funding for the Housing Choice Voucher program. *Id.* at 3. Finally, ICP argues that HUD had no reasonable basis for withholding the requested information. *Id.*

HUD's Response appears to concede both ICP's "eligibility" and "entitlement" to at least some amount of attorneys' fees. HUD does not contest—as it does not address—whether ICP is the prevailing party or any of the four entitlement factors. Instead, HUD's three-page response takes issue only with the amount of attorneys' fees requested. *See* Doc. 60, Def.'s Resp. 1 ("ICP's motion should be denied, and the amount awarded should be reduced to $82,870. Even if ICP could show that it is eligible for and entitled to fees, ICP's fee request is excessive, as its counsel seek fees for work done that is not recoverable."). Therefore, the Court agrees with ICP that it is both eligible and entitled to receive attorneys' fees and now addresses the appropriate amount of the award based on the lodestar.

A.  *ICP's Lodestar*

ICP requests $90,280 in attorneys' fees.[2] Doc. 61, Pl.'s Reply 1 n.1. Its motion indicates that two attorneys from Daniel & Bashara, P.C., worked a total of 327.3 hours on the case. Doc. 58, Pl.'s Br. 7; Doc. 59, Pl.'s App. 7. Attorney Michael M. Daniel worked 173.8 hours, from which ICP deducted 61 hours as duplicative and 31.2 hours for billing judgment. Doc. 58, Pl.'s Br. 6–7; Doc.

---

[2]ICP initially requested $90,380 in attorneys' fees. Doc. 57, Pl.'s Mot. However, in HUD's Response, it points out a subtraction error in the number of hours ICP deducted for duplicative work performed by Mr. Michael M. Daniel. Doc. 60, Def.'s Resp. 3. ICP's initial lodestar figure of $90,380 is based on a deduction of 60.8 hours from Mr. Daniel for duplicative work, however, it appears 61 hours should have been deducted based on ICP's billing spreadsheet. *See* Doc. 59, Pl.'s App. 13. This 0.2 hour difference results in a $100 reduction in the lodestar figure (0.2 hours multiplied by the $500 hourly rate for Mr. Daniel). In its Reply, ICP acknowledges this miscalculation and reduces its request to $90,280. Doc. 61, Pl.'s Reply 1 n.1.

59, Pl.'s App. 7, 13; Doc. 61, Pl.'s Reply 1 n.1. This resulted in a final adjusted figure of 81.6 hours requested for Mr. Daniel. Attorney Laura B. Beshara worked a total of 153.5 hours, from which ICP deducted 29.8 hours for billing judgment. Doc. 58, Pl.'s Br. 6–7; Doc. 59, Pl.'s App. 7. This resulted in a final adjusted figure of 123.7 hours requested for Ms. Beshara. ICP seeks hourly rates of $500 for Mr. Daniel and $400 for Ms. Beshara, arguing that these rates are reasonable and within the range of rates awarded in the Northern District of Texas for attorneys of comparable or less experience than Mr. Daniel and Ms. Beshara. Doc. 58, Pl.'s Br. 4–6.; Doc. 59, Pl.'s App. 2–6, 15–23.

B.  *HUD's Challenge to the Lodestar*

In its response, HUD does not challenge the hourly rates proposed for either Mr. Daniel or Ms. Beshara. Rather, HUD takes issue with only 18.3 hours—translating to $7,410[3]—billed by ICP for reviewing records produced to ICP and HUD's *Vaughn* index.[4] Doc. 60, Def.'s Resp. 2. HUD argues the hours billed for reviewing the records and the *Vaughn* index are not recoverable, citing two district court cases for the proposition that time spent reviewing documents produced in response to a FOIA request is merely "the price of making such a request." *Id.* (citing *Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*, 825 F. Supp. 2d 226, 231 (D.D.C. 2011) and *Moffat v. Dep't of Justice*, No. 09-12067-DJC, 2012 WL 113367, at *2 (D. Mass. Jan. 12, 2012)).

The cases cited by HUD, however, are distinguishable from the present case. In the cases HUD cited, the plaintiffs received full relief when the respective federal agencies released the

---

[3] 17.4 hours for Ms. Beshara billed at $400 per hour and 0.9 hours for Mr. Daniel billed at $500 per hour.

[4] "A *Vaughn* index is a routine device through which the defendant agency describes the responsive documents withheld or redacted and indicates why the exemptions claimed apply to the withheld material." *Jones v. F.B.I.*, 41 F.3d 238, 241 (6th Cir. 1994).

requested records to them. Therefore, hours billed for time spent reviewing records that constituted an adequate response to their requests were not recoverable as attorneys' fees. But here, HUD released multiple batches of records—one in December 2014, another in September 2015, and apparently another in November 2015—none of which was fully responsive to ICP's initial request in January 2014. As ICP notes, "HUD did not produce complete records responsive to ICP's FOIA request until after ICP had successfully litigated the case." Doc. 61, Pl.'s Reply 2. That all but 3.5 of the 18.3 disputed hours are for document reviews conducted before ICP filed its motion for summary judgment—on which it eventually prevailed—supports this contention. *See* Doc. 60, Def.'s Resp. 2–3. Thus, in the present case, continued litigation following review of the records produced to ICP ultimately resulted in more records being turned over to ICP.

While the Fifth Circuit has not addressed the issue, other courts have held that time billed to review records to determine whether an agency's response was fully responsive to a plaintiff's FOIA request is recoverable under the statute. *See, e.g.*, *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 75 (D.D.C. 2013) (quoting *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 239–40 (D.D.C. 2011) ("[I]t would seem critical to the prosecution of a FOIA lawsuit for a plaintiff to review an agency's disclosure for sufficiency and proper withholding during the course of its FOIA litigation.")); *Elec. Privacy Info. Ctr. v. F.B.I.*, 80 F. Supp. 3d 149, 159 (D.D.C. 2015) ("[T]o the extent that the released documents are being reviewed to evaluate the sufficiency of the release or the propriety of a specific withholding so that the attorney can then challenge the release or withholding, such document review time is properly included in a FOIA attorney's fees award."). As in those cases, "[t]his is not a case where a plaintiff

filed a complaint for documents under FOIA, the agency released the documents, and the plaintiff then requested attorney's fees for its time reviewing the released documents." *Elec. Privacy Info. Ctr. v. F.B.I.*, 80 F. Supp. 3d 149 at 160. Rather, ICP requested documents, received some but not all of the requested documents—which it could have discovered only after reviewing the documents—and then successfully litigated to obtain the withheld documents. Therefore, the Court finds that the disputed 18.3 hours for time spent reviewing the records and the *Vaughn* index is recoverable.

IV.

CONCLUSION

For the reasons stated above, ICP's Motion for Attorneys' Fees is therefore GRANTED in the amount of $90,280.

SO ORDERED.

SIGNED: January 26, 2017.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE